**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

CLIFTON DERON CAMPBELL, a/k/a
Ronald Clifton Campbell,
              *Defendant-Appellant.*

No. 03-4036

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-02-66)

Submitted: September 10, 2003

Decided: October 27, 2003

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Thomas E. Wray, Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, Joseph W.H. Mott, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Clifton Deron Campbell appeals his conviction of possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (2000).* Because there was sufficient evidence to convict Campbell, we affirm.

I

Following a controlled purchase of cocaine base, police officers in Roanoke, Virginia, obtained a search warrant for a residence. Campbell and Tina Chantell Loveless arrived at the residence approximately one-half hour after the search began.

During the search, officers recovered over twenty-five grams of cocaine base and a set of scales of a type ordinarily used by drug dealers. Much of the cocaine base was in a man's denim jacket that was hanging in a closet along with other men's clothing. Additionally, officers found $1000 in cash between a mattress and box springs. They seized from Campbell's person $242 in cash and four grams of marijuana. During the search, Campbell heard that Loveless was being arrested for an offense involving cocaine base. As officers removed Loveless from the residence, a detective testified that Campbell said, "Why are you taking her? She had nothing to do with it. It's all mine." A jury convicted Campbell, and he was sentenced to 121 months in prison.

II

The sole issue raised on appeal is whether the evidence was sufficient to convict Campbell, who claims that there was no evidence that he possessed the cocaine base. On review of the sufficiency of the evidence, a verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."

---

*Campbell also was convicted of possession of marijuana; however, he does not challenge that conviction on appeal.

*Glasser v. United States*, 315 U.S. 60, 80 (1942). We review both direct and circumstantial evidence and permit "the [G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). We will not reassess the credibility of witnesses, *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989), and will uphold the verdict if there is substantial evidence to support it. *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994).

We conclude that there was sufficient evidence to convict Campbell. Campbell does not dispute expert testimony that the quantity of cocaine base discovered at the residence was inconsistent with personal use and consistent with mid-level drug distribution. Furthermore, the jury clearly made a credibility determination against Campbell, a convicted drug dealer who at trial denied possession of the cocaine base. The jury inferred on the basis of Campbell's statement to the detective and other trial evidence that Campbell constructively possessed the drug. We note that, to convict under § 841(a)(1), possession may be actual or constructive. *United States v. Rusher*, 966 F.2d 868, 878 (4th Cir. 1992). Here, the evidence was sufficient to establish that Campbell knowingly possessed over five grams of crack with the intent to distribute it.

## III

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*